DECISION AND JUDGMENT ENTRY
{¶ 1} This accelerated appeal is from the December 16, 2003 judgment of the Huron County Court of Common Pleas, which granted summary judgment to appellee, National City Bank, and entered judgment against appellant, Jeffrey Hamisfar. Upon consideration of the assignment of error, we affirm the decision of the lower court. Appellant asserts the following single assignment of error on appeal:
 {¶ 2} "The trial court erred in its reliance upon the Geauga County Court of Appeals Decision In Bank One Cleveland, N.A. v. Grantham, Inc.,
(Sept. 30, 1991), Geauga App. No. 90-G-1556 for the proposition that `the good faith requirement does not apply to the cognitive provision of the guarantee.' Bank One, Cleveland N.A. v. Grantham, Inc., supra. In denying the defendant appellant the right to assert the good faith defense based upon the fact and circumstances distinguishing Bank One, Cleveland N.A.v. Grantham, Inc., supra and previous federal court rulings." [sic]
 {¶ 3} Appellee filed this action to recover on a default of six commercial installment notes. Five of the notes were executed by Stephen M. Heydinger, as President of The Outdoorsman, Inc. and guaranteed by The Outdoorsman, Inc. The sixth note was signed by Stephen and Karen Heydinger and guaranteed by The Outdoorsman, Inc. All of the notes were executed during the years of 2000 through 2002. On March 30, 2001, appellant, another officer in the corporation, signed an unconditional and continuing guarantee, along with Heydinger and Karen Heydinger, "to extend or to continue to extend credit to and/or acquire obligations, direct, indirect or contingent, owing by The Outdoorsman, Inc." Appellant answered, asserting as defenses, fraud and collusion, material misrepresentations by Heydinger, failure to join Heydinger as a necessary party, removal to bankruptcy court, and the failure of appellee to comply with the obligation of good faith contained in R.C. 1301.09 in its obtainment, performance under, and specifically in its attempt at enforcement of the guarantee signed by appellant.
 {¶ 4} Appellee moved for summary judgment arguing that since appellant signed the guarantee, he is obligated to pay the amounts owed on all six notes. Appellant opposed the motion arguing that there is a factual issue only as to what appellant knew at the time he signed the guarantee. In his affidavit, appellant states that he had not had any dealings with the loan officer, was not aware of the outstanding debt of the corporation, and did not understand the significance of signing this guarantee. Heydinger brought the guarantee to appellant while he was working at the store and asked him to sign it. The only indebtedness he was told about was the use of credit cards by the corporate officers for the purchase of merchandise for the store. Therefore, appellant contends that appellee did not comply with the good faith obligation under R.C. 1301.09 in obtaining the guarantee.
 {¶ 5} The court found that there was no question of material fact and that the good faith requirements of R.C. 1301.09 do not apply to the cognovit provision of the guarantee citing BankOne, Cleveland, N.A. v.Grantham, Inc. (Sept. 30, 1991), 11th Dist. App. No. 90-G-1556 (1991 Ohio App. LEXIS 4722). The court also noted that the guarantee itself indicated to appellant that he was guaranteeing all existing obligations of the corporation and that he should have inquired further. If anyone misled him, it was Heydinger, not the bank. Finally, the court held that the bank did not fail to exercise good faith when it permitted the president of a corporation to obtain the signature of another officer to personally guarantee the indebtedness of the corporation nor when it assumed that an officer of a corporation would understand the significance of signing such a guarantee.
 {¶ 6} On appeal, appellant contends that BankOne, supra, is contrary to K.M.C. Co., Inc. v. Irving Trust Co. (C.A. 6, 1985), 757 F.2d 752,760. Both of these cases involve the issue of whether the good faith requirement found in the Uniform Commercial Code, and codified at R.C.1301.09, could prohibit a bank from cutting off a company's credit and accelerate existing obligations for any reason. That is not the issue in this case.
 {¶ 7} Furthermore, these cases do not create some generalized good faith concept that applies to the signing of the guarantee. R.C. 1301.09
imposes an obligation of good faith in the performance or enforcement of every contract. Appellant appears to argue that the bank should not, in good faith, enforce the guarantee now that appellant has stated that he did not know what he was signing. But, that is not the law. Appellant signed the guarantee and the bank has the contractual right to enforce its terms.
 {¶ 8} Appellant also argues that his case is akin to Central StatesStamping Co. v. Terminal Equipment Co., Inc. (C.A. 6, 1984), 727 F.2d 1405. In that case, the president of Central States Stamping Co. checked with the bank that had assumed a supervisory role over the daily management of Terminal Equipment Co., Inc. to determine whether the corporation's officers were honest and whether they had kept their commitments to the bank. The president informed the bank that he needed this information to ensure that Terminal was financially strong since the president's corporation could not afford to take a loss. With the reassurance from the bank, Central States contracted with Terminal.
 {¶ 9} However, after Central States had paid $50,000 required by the contract, Terminal closed its doors and the $50,000 was used to pay outstanding debts owed to the bank and the legal fees and personal expenses of Terminal's president.
 {¶ 10} We find that Central States, supra, is distinguishable from the case before us. The Central States case involves the tort of fraud and the issue of whether the bank officer made fraudulent misrepresentations to the president of Central States. In the case before us, the bank did not have any dealings with appellant. Therefore, the bank did nothing to induce appellant into signing the guarantee. There is nothing in the record that suggests that the bank even required Heydinger to obtain appellant's signature on the guarantee. There are no facts in this case that would support a cause of action for fraud against the bank.
 {¶ 11} Appellant's sole assignment of error is not well-taken. Having found that the trial court did not commit error prejudicial to appellant, we affirm the judgment of the Huron Court of Common Pleas. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Lanzinger, J., Singer, J., concur.